**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PETER D'ARCY, Individually and on Behalf of All
Others Similarly Situated,

                         Plaintiff,

            v.

YEHUDA SHMIDMAN, KAREN MURRAY, GARY
KLEIN, ANDREW COOPER, CHAD WAGENHEIM,
PETER LOPS, DAVID CONN, DANIEL HANBRIDGE,
LORRAINE DISANTO, WILLIAM SWEEDLER,
AARON HOLLANDER, AL GOSSETT, STEWART
LEONARD, JR., COHNREZNICK LLP, STEPHEN
WYSS, STEPHEN JACKSON, and ROBERT HILBERT,

                         Defendants.

Case No. 1:21-cv-07296-JPO

**ORAL ARGUMENT**
**REQUESTED**

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS**
**COHNREZNICK LLP, STEPHEN WYSS, STEPHEN JACKSON, AND ROBERT**
**HILBERT'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Counsel for Defendants CohnReznick LLP,*
*Stephen Wyss, Stephen Jackson, and*
*Robert Hilbert*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.      Plaintiff's claims based on alleged misstatements made before November 14, 2017 are barred by the five-year statute of repose ......................... 2

     A.    Plaintiff's claims against CohnReznick, Wyss, Jackson, and Hilbert do not relate back to the original complaint ................................... 2

     B.    Plaintiff cannot rely on a "scheme liability" claim it did not actually assert to save its untimely misstatement claim against CohnReznick .......... 5

II.     Plaintiff cannot allege claims against CohnReznick for any statements made after February 9, 2018, the last date it purchased Sequential securities. ............... 5

III.    Plaintiff fails to allege that CohnReznick had a duty to disclose a potential SEC investigation ....................................................................................... 6

IV.    Plaintiff fails to allege that CohnReznick acted with scienter ............................... 6

     A.    Plaintiff fails to allege that CohnReznick acted with scienter when it issued its 2016 audit opinion ................................................. 6

     B.    Plaintiff fails to allege that CohnReznick acted with scienter when it issued its 2017, 2018, and 2019 audit opinions ................... 7

     C.    Plaintiff's scienter allegations also fail because they are almost exclusively based on the SEC's Consent Orders ................. 8

V.     Plaintiff did not allege a scheme liability claim against CohnReznick ................. 9

VI.    Plaintiff fails to allege control liability claims against Wyss, Jackson, or Hilbert ...................................................................................................... 10

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barilli v. Sky Solar Holdings, Ltd.*,
  389 F. Supp. 3d 232 (S.D.N.Y. 2019).........................................................................2

*Ceara v. Deacon*,
  916 F.3d 208 (2d Cir. 2019)........................................................................................3

*Hahn v. Office & Prof'l Emps. Int'l Union*,
  107 F. Supp. 3d 379 (S.D.N.Y. 2015).........................................................................4

*Krupski v. Costa Crociere S.p.A.*,
  560 U.S. 538 (2010). ECF No. 128.............................................................................3

*Liverpool v. Davis*,
  442 F. Supp. 3d 714 (S.D.N.Y. 2020).....................................................................3, 4

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
  939 F. Supp. 2d 360 (S.D.N.Y. 2013).........................................................................2

*Neal v. Wilson*,
  39 F. Supp. 3d 755 (S.D.N.Y. 2017)...........................................................................4

*Ocasio v. City of Canadaigua*,
  No. 18-CV-6712DGL, 2022 WL 17591639 (W.D.N.Y. Dec. 13, 2022) ...................3

*Police & Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013)..........................................................................................2

*SEC v. Sequential Brands Group, Inc.*,
  No. 20-CV-10471 (JPO), 2021 WL 4482215 (S.D.N.Y. Sept. 30, 2021) .................9

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
  248 F. Supp. 3d 428 (S.D.N.Y. 2017) (Oetken, J.)....................................................2

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir. 1998)........................................................................................5

**Statutes**

28 U.S.C. § 2072(b) ..........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 15 ..................................................................................................1, 2, 3, 4

## PRELIMINARY STATEMENT

Plaintiff's opposition to Defendants CohnReznick, Wyss, Jackson, and Hilbert's motion to dismiss (ECF No. 104-05, 106) confirms that the claims asserted against CohnReznick and its three partners are time barred and otherwise lack merit for several independent reasons, each of which require dismissal of the claims alleged against CohnReznick, Wyss, Jackson and Hilbert.

Plaintiff's main false statement claim – based on CohnReznick's 2016 audit opinion – is barred by the five-year statute of repose. Plaintiff's attempt to rely on relation back under Fed. R. Civ. P. 15(c)(1)(C) fails as a matter of law because, under the Rules Enabling Act, relation back does not apply where, as here, its application would modify CohnReznick's substantive rights under the statute of repose. Plaintiff's reliance on relation back fails for other, independent reasons, namely: (a) the original plaintiff did not make a mistake concerning a proper party's identity; and (b) even assuming a mistake, CohnReznick had no reason to know the mistake occurred. Moreover, Plaintiff cannot bring claims based on CohnReznick's 2017, 2018, or 2019 audit opinions because it did not purchase Sequential securities after those opinions were issued.

Plaintiff's other arguments against dismissal also fail. Plaintiff did *not* allege a scheme liability claim against CohnReznick and cannot try to do so in opposition to a motion to dismiss. In any event, Plaintiff's new scheme liability claim is meritless because it is based on internal analyses that were *not* shared with CohnReznick. Plaintiff's arguments about scienter fail because they are (a) contradicted by Plaintiff's actual allegations; (b) based on other defendants' executive or director positions with Sequential, a status *not* shared by CohnReznick, Sequential's independent auditor; or (c) inappropriately taken verbatim from the SEC's Consent Orders, both of which address only negligence-based claims. And, finally, Plaintiff's control liability claims against Wyss, Jackson, and Hilbert also fail because Plaintiff does not (a) articulate how those individuals controlled any primary violation; or (b) allege culpable participation.

**ARGUMENT**

I.     **Plaintiff's claims based on alleged misstatements made before November 14, 2017 are barred by the five-year statute of repose.**

      A.     **Plaintiff's claims against CohnReznick, Wyss, Jackson, and Hilbert do not relate back to the original complaint.**

For its primary attempt to avoid application of the five-year statute of repose, Plaintiff argues that the untimely operative complaint (naming CohnReznick, Wyss, Jackson, and Hilbert) relates back to the original complaint (which did not name them) under Fed. R. Civ. P. 15(c)(1)(C). ECF No. 128 at 84-90. Plaintiff is wrong for three independent reasons.

*First*, Plaintiff's argument fails because Rule 15(c) does not apply at all to statutes of repose. A "statute[] of repose create[s] a *substantive* right in those protected to be free from liability after a legislatively-determined period of time." *Police & Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106 (2d Cir. 2013) (cleaned up). And, under the Rules Enabling Act, a "substantive right" cannot be "abridge[d], enlarge[d] or modif[ied]." 28 U.S.C. § 2072(b). Relying on these authorities, this Court has already held that a "statute of repose cannot be circumvented by the relation-back doctrine." *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 451 (S.D.N.Y. 2017) (Oetken, J.).[1] Plaintiff did not address the Rules Enabling Act nor did it offer any reason why the outcome in this case should differ from *Silvercreek*. The Act prevents modification of CohnReznick's substantive rights under the statute of repose and, thus, prevents application of Rule 15(c) to save Plaintiff's untimely claims.

*Second*, Plaintiff's attempt to use relation back also fails because the original plaintiff did not make "a mistake concerning the proper party's identity"; accordingly, Rule 15(c)(1)(C) does

---

[1] *See also In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 939 F. Supp. 2d 360, 380 (S.D.N.Y. 2013) (new claim based on audit opinion did not relate back to original complaint because, "when a claim is barred by a statute of repose, 'Rule 15 may not be construed to permit relation back'"); *Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 263-64 (S.D.N.Y. 2019).

not apply. In arguing otherwise, Plaintiff relies heavily on *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). ECF No. 128 at 85. According to Plaintiff, "[a]fter *Krupski*, it is clear that a mistake concerning the proper party's identity under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party." *Id.* at 86 (quoting *Abdell v. City of N.Y.*, 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010)) (cleaned up)). Plaintiff ignores the fact that, in a post-*Krupski* and post-*Abdell* decision, the Second Circuit flatly rejected Plaintiff's position. Contrary to Plaintiff's interpretation, the Court read *Krupski* as addressing a "plaintiff [who] made an actual mistake because she 'misunderstood crucial facts regarding the two companies' identities' and sought to replace one party with another." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Instead of equating a lack of knowledge with a mistake, as Plaintiff urges this Court to do, the Court *re-affirmed* its prior holding that an amendment "made 'not to correct a mistake but to correct a lack of knowledge' [is] not a mistake under Rule 15(c)(1)(C)." *Ceara*, 916 F.3d at 213. Here, the original plaintiff did not *misunderstand* crucial facts about CohnReznick's alleged conduct. He lacked knowledge about that conduct. That is ignorance, not a mistake.[2]

Lest there be any doubt, since *Krupski*, courts in this Circuit have overwhelmingly rejected Plaintiff's attempt to equate "lack of knowledge" with "mistake." In *Ocasio v. City of Canadaigua*, a case Plaintiff relies on heavily, the court held that an amendment "to cure" a plaintiff's "ignorance of [a newly-added defendant's] potential culpability" does not satisfy the requirements of Rule 15(c). 18-CV-6712DGL, 2022 WL 17591639, at *10 (W.D.N.Y. Dec. 13, 2022). In *Liverpool v. Davis*, the court held that relation back did not apply to a newly added

---

[2] *Ceara* dealt with a John Doe pleading, but the holding is equally applicable here. It makes little sense to bar relation back in cases where a plaintiff is aware of a potential defendant's conduct but lacks knowledge of his or her name (as in a John Doe case), but permit relation back in cases where a plaintiff is aware of the potential defendant's name but lacks knowledge of its conduct (like here).

defendant because "[t]he Complaint did not make any allegations concerning a misidentified individual who was actually [the new defendant]." 442 F. Supp. 3d 714, 726 (S.D.N.Y. 2020). And, in *Neal v. Wilson*, the court held that relation back "applies only where an amendment 'changes the party or the naming of the party against whom a claim is asserted'—not where an amendment adds a previously unmentioned party." 239 F. Supp. 3d 755, 759 (S.D.N.Y. 2017) (collecting cases); *see also Hahn v. Office & Prof'l Emps. Int'l Union*, 107 F. Supp. 3d 379, 384-86 (S.D.N.Y. 2015). Binding precedent and the weight of authority in this Circuit show that ignorance about a known or unknown party's potential culpability is not "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

*And third*, even if the Court were to conclude that the original plaintiff made a mistake concerning the proper party's identity, Plaintiff also fails to show that CohnReznick "knew or should have known that the action would have been brought against it" but for that mistake. Fed. R. Civ. P. 15(c)(1)(C). Here, Plaintiff relies entirely on the SEC's investigation of CohnReznick. ECF No. 128 at 85. But that fact says nothing about what CohnReznick knew or should have known about the original plaintiff's action or his "mistake" in not naming CohnReznick as a defendant. The original complaint did not mention CohnReznick's 2016 audit opinion nor did the original plaintiff base either of his two claims on statements made by CohnReznick. To be sure, Plaintiff says otherwise. According to Plaintiff, "[t]he Original Complaint filed on March 16, 2021 contains the *same statements* that Defendants now argue are untimely." ECF No. 128 at 90. But that simply is not true. For its current claim against CohnReznick, Plaintiff relies on pre-November 14, 2017 statements that appear nowhere in the original complaint. *Compare* ECF No. 1 ¶¶ 22-26, 29, 32, 39 *with* ECF No. 44 ¶¶ 303-06. Because the original plaintiff failed to allege

anything about CohnReznick's audit opinion to support his claims, nothing alerted CohnReznick during the applicable 120-day period that he made a mistake concerning its identity.

In sum, Plaintiff concedes that claims based on pre-November 14, 2017 statements are untimely unless relation back applies. ECF No. 128 at 90-94. Because, for the reasons discussed above, relation back is unavailable, all claims based on those statements must be dismissed.

**B.      Plaintiff cannot rely on a "scheme liability" claim it did not actually assert to save its untimely misstatement claim against CohnReznick.**

In a last ditch effort to avoid dismissal, Plaintiff argues that even if its pre-November 14, 2017 misstatement claim under Rule 10b-5(b) is barred by the statute of repose, the clock for a scheme liability claim under Rule 10b-5(a) and (c) starts to run at a later date. ECF No. 128 at 93-94 & n.46. Plaintiff's argument fails for the simple reason that Plaintiff did *not* allege a scheme liability claim against CohnReznick. The complaint is crystal clear that the one cause of action asserted against CohnReznick is limited to a "Rule 10b-5(b)" claim for alleged "false and misleading statements of material fact." ECF No. 44, Count III & ¶¶ 363-71. This was no drafting oversight. When Plaintiff intended to allege a scheme liability claim, it did so expressly. *Id.* ¶¶ 342-56 (Count I against Sequential Defendants). Conversely, Plaintiff made the deliberate decision to limit its claim against CohnReznick to Rule 10b-5(b). It cannot try to amend its complaint yet again through an argument "mentioned . . . for the first time in" opposition to a motion to dismiss. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see also* ECF No. 121 (Plaintiff declining "to file an amended complaint in response to" motion).

**II.      Plaintiff cannot allege claims against CohnReznick for any statements made after February 9, 2018, the last date it purchased Sequential securities.**

Under binding precedent, Plaintiff cannot base its claim on statements made after February 9, 2018 because that is the last date it purchased Sequential securities. ECF No. 105 at 11-12. Plaintiff's only response to this precedent was to argue that it is inapplicable because the

claim based on pre-November 14, 2017 statements is timely. ECF No. 128 at 93 n.45. Because

Plaintiff is wrong on timeliness, the Court should also dismiss Plaintiff's claim to the extent it is

based on post-February 9, 2018 statements. ECF No. 105 at 12 (Plaintiff "cannot share in any

recovery based solely on statements made after the date [it] purchase[d]" Sequential securities).

III.    **Plaintiff fails to allege that CohnReznick had a duty to disclose a potential SEC investigation.**

CohnReznick showed on its motion that it had no "duty to require disclosure of the

*potential* risk of an investigation before the third quarter of 2019," and that "Sequential thereafter

promptly disclosed the SEC's investigation in the 2019 Audited Financial Statements." ECF No.

105 at 13-14. Plaintiff's response did not actually address CohnReznick. Instead, Plaintiff argued

that "every CEO, CFO, and director of Sequential who signed off on [Sequential's] subsequent

generic statements to investors" had a duty to disclose a potential SEC investigation. ECF No.

128 at 44; *see also id.* at 37-40 (discussing alleged statements made by other defendants, not

CohnReznick). The sweeping duty Plaintiff seeks to impose on the Sequential defendants is

contrary to the numerous cases CohnReznick cited in its motion. ECF No. 105 at 13-14. But,

even if the Court agrees with Plaintiff that Sequential's CEO, CFO, and directors had a duty to

disclose, that ruling would *not* apply to CohnReznick, Sequential's independent auditor. Plaintiff

does not offer any argument indicating that *CohnReznick* had a duty to disclose a *potential* SEC

investigation of its audit client before the investigation even materialized. Because CohnReznick

had no duty, Plaintiff's claim based on the failure to disclose should be dismissed.

IV.    **Plaintiff fails to allege that CohnReznick acted with scienter.**

A.    **Plaintiff fails to allege that CohnReznick acted with scienter when it issued its 2016 audit opinion.**

For its argument based on CohnReznick's 2016 audit opinion, Plaintiff barely mentions

CohnReznick. *See* ECF No. 128 at 23 & n.8. According to Plaintiff, CohnReznick had "actual

knowledge" of a goodwill fraud because of its alleged knowledge "of the analyses showing that the Company's estimated fair value had fallen approximately $63 million as of mid-December 2016 and $96 million as of year-end 2016 due to its materially decreased stock price, and of emails related to those analyses." *Id.* at 23 (citing ¶¶ 97-101, 104, 106, 108-10). Plaintiff is wrong about the contents of its own complaint. The only two allegations in that string cite that relate to CohnReznick indicate that CohnReznick received an "external valuation consultant's report" indicating that "the Company *passed* the test and that its goodwill therefore was *not* impaired as of October 1, 2016." ECF No. 44 ¶¶ 97-98 (emphasis added). The rest of the cited allegations relate to analyses, calculations, and emails *internal* to Sequential contradicting that report, none of which CohnReznick is alleged to have received. *Id.* ¶¶ 100-01, 104, 106, 108-10. Plaintiff cannot muster any scienter argument relating to CohnReznick's 2016 audit opinion that is supported by its complaint. The claim based on the 2016 audit opinion should be dismissed. ECF No. 105 at 16-19.

     **B.**     **Plaintiff fails to allege that CohnReznick acted with scienter when it issued its 2017, 2018, and 2019 audit opinions.**

As for the audit opinions CohnReznick issued in 2017, 2018, and 2019, Plaintiff does not even try to argue that it alleged CohnReznick acted with scienter when issuing those opinions. According to Plaintiff, "Defendants cannot deny that they all knew about the ongoing SEC investigation when they were *an executive or director of Sequential*." ECF No. 128 at 44 (emphasis added). Putting aside whether that conclusory argument has merit as to Sequential's executives and directors, it has no application to CohnReznick. CohnReznick was Sequential's independent auditor, not one of its executives or directors. Plaintiff's other arguments all suffer from the same critical defect because they also relate to the Sequential defendants, not CohnReznick. *See id.* at 45-46 (section about the "Gibson Dunn Defendants"); *id.* at 46 (cross-

referencing footnote 7, which relates to statements made by "Sequential's executives and/or directors"); *id.* at 47 (string citing paragraphs in the complaint about statements made by other defendants). CohnReznick argued on its motion that Plaintiff's claim against it failed because Plaintiff did "not allege a single fact about CohnReznick's audit work for its 2017, 2018, and 2019 audit opinions, let alone sufficient factual allegations giving rise to a strong inference of scienter." ECF No. 105 at 20. Plaintiff's failure to respond proves CohnReznick's point.

### C.    Plaintiff's scienter allegations also fail because they are almost exclusively based on the SEC's Consent Orders.

Plaintiff concedes that *exclusive* reliance on the SEC's Consent Orders for scienter allegations is inappropriate. ECF No. 128 at 65 (allegations based on "an SEC consent order [must] overlap with 'other non-conclusory facts . . . made directly by Plaintiffs"). This concession is fatal to Plaintiff because its scienter allegations do *not* overlap with other non-conclusory facts, but rather are copied nearly verbatim from the Consent Orders. ECF No. 44 ¶¶ 254-90. Plaintiff does not make any of its own *direct* allegations against CohnReznick to show the required strong inference of scienter. Instead, the so-called "non-conclusory facts" referenced by Plaintiff (a) relate to the Sequential defendants, not CohnReznick, ECF No. 128 at 72 (citing ¶¶ 59-60, 87-89, 91-94, 112, 115-19, 123-26, 129-32); (b) only address auditing standards CohnReznick was allegedly bound by, *id.* (citing ¶¶ 226-53); and (c) summarize allegations copied verbatim from the Consent Orders, *id.* (citing ¶¶ 295-96, 298). Plaintiff cannot rely entirely on parroted allegations taken from the Consent Orders, or auditing standards alone, to allege that CohnReznick acted with scienter. *See* ECF No. 105 at 15-16, 19.

Moreover, as CohnReznick showed on its motion and Plaintiff did not address, the Consent Orders only support negligence-based violations; there were no allegations or findings

of scienter. ECF No. 106-9, ¶¶ 40, 89 & 106-10, ¶¶ 41, 74. Thus, even if Plaintiff can rely on the Consent Orders, they do not support the required strong inference of scienter. ECF No. 105 at 16.

Three other scienter points require brief responses. First, Plaintiff cannot save its claim just by describing "relevant documents" because none of the documents suggest CohnReznick acted with scienter. ECF No. 128 at 72. Second, although it claims otherwise, Plaintiff did *not* allege that CohnReznick had a motive to defraud. *See id.* at 35 ("All *the Sequential Defendants* were thus motivated not by typical executive goals, but rather because their 'careers and the very survival of the company were on the line.'") (emphasis added). And, third, Plaintiff did not address the specific argument CohnReznick made regarding its internal control opinions. *Compare* ECF No. 105 at 21-22 (CohnReznick's argument) *with* ECF No. 128 at 47-51.

## V.      Plaintiff did not allege a scheme liability claim against CohnReznick.

Plaintiff did not allege a scheme liability claim against CohnReznick and cannot use its opposition as a vehicle to try to amend its complaint. *See supra* at 5. That defect aside, Plaintiff's attempt to allege a new scheme liability claim should also be rejected because its conclusory attempt to raise this new claim is contradicted by the support on which it relies. Citing *SEC v. Sequential Brands Group, Inc.*, Plaintiff argues that "this Court has already found scheme liability against Sequential" and that, because "Plaintiff alleged that CohnReznick Defendants were involved in the same deceptive conduct, . . . those claims must also prevail." ECF No. 128 at 63-64. In its prior *Sequential* decision, the Court relied on allegations "that Sequential's accounting and finance personnel covered up quantitative evidence of an impairment to its goodwill by discarding that quantitative evidence, conducting a biased qualitative assessment, and ultimately changing its methodology to assess goodwill." 20-CV-10471 (JPO), 2021 WL 4482215, at *6 (S.D.N.Y. Sept. 30, 2021). The Court's decision acknowledged the SEC's allegation that "Sequential did *not* share the analyses with the company's independent auditor.

*Id.* at *2 (emphasis added). Plaintiff relied on the SEC's complaint and did not itself allege that CohnReznick received the analyses. ECF No. 44 ¶¶ 100-01, 104, 106, 108-10. Thus, there are no allegations tying CohnReznick to the alleged scheme claim previously sustained by the Court.

**VI.    Plaintiff fails to allege control liability claims against Wyss, Jackson, or Hilbert.**

Because the primary claim against CohnReznick should be dismissed, the control liability claims against Wyss, Jackson, and Hilbert should also be dismissed because an underlying primary claim is required for control liability. ECF No. 105 at 22. In addition, Plaintiff concedes that "pleading defendant's officer or director status alone is not enough to establish that they exercised actual control over primary violators," but then improperly proceeds to rely on status alone to justify its claims against Wyss, Jackson, and Hilbert. ECF No. 128 at 95 & n.47. Plaintiff otherwise fails to respond to Wyss, Jackson, and Hilbert's actual arguments about control, including the fact that they did not control Sequential's SEC filings and the fact that Plaintiff did "not even allege that Wyss, Jackson, or Hilbert had *any* involvement with Sequential after the 2017 audit." ECF No. 105 at 24. Each of those points are additional and independent grounds warranting dismissal of the control liability claims against Wyss, Jackson, and Hilbert.

Finally, Plaintiff argues it alleges culpable participation because "Defendants" published and signed the SEC filings containing allegedly misleading statements. ECF No. 128 at 96. But Wyss, Jackson, and Hilbert did *not* sign or publish any of Sequential's SEC filings, and the audit opinions were signed by CohnReznick, not Wyss, Jackson, or Hilbert. ECF No. 105 at 23. Thus, even under Plaintiff's theory, there are no allegations of culpable participation made against Wyss, Hilbert, or Jackson. The claims against them should be dismissed.

## CONCLUSION

CohnReznick, Wyss, Jackson, and Hilbert's motion (ECF No. 104) should be granted.

Dated:   New York, NY
    August 7, 2023

           Respectfully submitted,

           /s/ James L. Bernard
           James L. Bernard
           David M. Cheifetz
           Patrick N. Petrocelli
           STROOCK & STROOCK & LAVAN LLP
           180 Maiden Lane
           New York, NY 10038
           Tel.: (212) 806-5400
           Fax: (212) 806-6006
           jbernard@stroock.com
           dcheifetz@stroock.com
           ppetrocelli@stroock.com

           *Counsel for Defendants CohnReznick LLP,*
           *Stephen Wyss, Stephen Jackson, and*
           *Robert Hilbert*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2023, a true and correct copy of the foregoing was filed with the Court's electronic case filing (ECF) system, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

 /s/ James L. Bernard
James L. Bernard
