**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  -against-<br><br>YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., COHNREZNICK LLP, STEPHEN WYSS, STEPHEN JACKSON, and ROBERT HILBERT,<br><br>  Defendants. | No. 1:21-cv-07296 (JPO)<br><br>CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of October 30, 2024 (the "Stipulation") is entered into between (a) CJD Property Finance Company, LLC ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); (b) Yehuda Shmidman, Karen Murray, Gary Klein, Andrew Cooper, Chad Wagenheim, Peter Lops, David Conn, Daniel Hanbridge, Lorraine DiSanto, William Sweedler, Aaron Hollander, Al Gossett, and Stewart Leonard, Jr., (the "Individual Defendants"); and (c) CohnReznick LLP ("CohnReznick"); Stephen Wyss, Stephen Jackson, and Robert Hilbert (the "Auditor Defendants") (collectively with the Individual Defendants, the "Defendants"), by and through their respective undersigned counsel, and embodies the terms and conditions of the settlement

of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice all claims asserted in the Action against Defendants.

WHEREAS:

A.    On March 16, 2021, a class action complaint was filed in the United States District Court for the Central District of California, styled *Peter D'Arcy v. Sequential Brands Group, Inc., et al.* asserting claims against Sequential Brands Group, Inc. ("Sequential" or the "Company"), Yehuda Shmidman, Karen Murray, Gary Klein, and Andrew Cooper.  On March 17, 2021, the Action was assigned to the Honorable District Judge John F. Walter and Magistrate Judge Rozella A. Oliver and assigned a Case No. 2:21−cv−02305−JFW-RAO.

B.    On June 11, 2021, Judge Walter appointed CJD Property Finance Company, LLC as Lead Plaintiff and Freedman Normand Friedland LLP (f/k/a Roche Freedman LLP) as Lead Counsel for the class in the Action.

C.    On June 14, 2021, Plaintiff Peter D'Arcy voluntarily dismissed his claims in the Action without prejudice as to Plaintiff Peter D'Arcy only, pursuant to Federal Rule of Civil Procedure ("Rule") 41(a).

D.    On August 31, 2021, the Action was transferred to the United States District Court for the Southern District of New York, assigned to the Honorable District Judge J. Paul Oetken (the "Court"), and assigned Case No. 1:21-cv-07296-JPO.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

2

E.      On September 20, 2022, Lead Plaintiff voluntarily dismissed without prejudice its claims in the Action against Defendant Sequential.

F.      On November 14, 2022, Lead Plaintiff filed a consolidated amended complaint (the "Complaint") asserting claims against the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act, against CohnReznick under Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and against Stephen Wyss, Stephen Jackson, and Robert Hilbert under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements about the Company's business, financial well-being, goodwill, and an SEC investigation throughout the Class Period.  The Complaint further alleged that the Auditor Defendants failed to comply with auditing standards by issuing clean audit reports that they knew or should have known contained false or misleading statements.  The Complaint alleged that, as a result of Defendants' conduct, the price of Sequential Securities was artificially inflated and declined when the truth was revealed.

G.      On March 23, 2023, Defendants served a motion to dismiss the Complaint.  On May 24, 2023, Lead Plaintiff served its memorandum of law in opposition to Defendants' motion.

H.      In July 2023, the Lead Plaintiff and the Individual Defendants agreed to engage in private mediation to attempt to resolve the Action and agreed for Robert A. Meyer, Esq. of JAMS to act as mediator.  A mediation session before Mr. Meyer was held on October 10, 2023. In advance of that session, Lead Plaintiff and the Individual Defendants exchanged detailed mediation statements, which addressed the issues of liability and damages.  The session ended

with an agreement in principle to settle the Action and release all claims against the Individual Defendants in return for a cash payment by or on behalf of Individual Defendants of $6,250,000.00 for the benefit of the Settlement Class.

I.      In September 2023, Lead Plaintiff and the Auditor Defendants agreed to engage in private mediation to attempt to resolve the Action.  Counsel for Lead Plaintiff and the Auditor Defendants engaged in numerous calls and email exchanges to share their respective views on the case and to attempt to reach a settlement.  These exchanges ended with an agreement in principle to settle the Action and release all claims against the Auditor Defendants in return for a cash payment by or on behalf of Auditor Defendants of $3,500,000.00 for the benefit of the Settlement Class.

J.      This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding agreement between the Parties.

K.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

L.      The Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action.  For purposes of this Settlement only, the Settlement Class is defined in ¶ 1 below.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a litigation class, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.

M.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants has denied and continues to deny any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit to the Action whatsoever, and without any admission or concession on the part of Defendants of any liability or wrongdoing or any lack of merit to the defenses whatsoever,  it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (together and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be fully, finally, and forever compromised, settled,  released, discharged and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the consolidated securities class action in the matter styled *Peter D'Arcy v. Sequential Brands Group, Inc., et al.,* 1:21-cv-07296-JPO, and includes all actions consolidated therein.

(b)    "Auditor Defendants" means CohnReznick LLP, Stephen Wyss, Stephen Jackson, and Robert Hilbert.

(c)    "Auditor Defendants' Released Parties" means the Auditor Defendants and their past or present subsidiaries, parents, affiliates, successors and predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional

advisors, attorneys, partners, principals, agents, auditors, accountants, and any firm, trust, corporation, or other entity in which it has a controlling interest.

(d)    "Authorized Claimant" means a Claimant who submits a Claim to the Claims Administrator for payment from the Net Settlement Fund that is approved by the Court.

(e)    "Barred Claim" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against any of the Defendants or Defendants' Releasees (including claims asserted by any of the Defendants or Defendants' Releasees against other Defendants or Defendants' Releasees) where the claim is or arises from any of the Released Claims and the alleged injury to such Defendant or Defendants' Releasees arises from that person or entity's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a Defendant or Defendants' Releasee seeks to recover from any of the other Defendants or Defendants' Releasees (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member.

(f)    "Claim" means a paper claim submitted on a Proof of Claim Form, an electronic claim or a bulk claim submission that is submitted to the Claims Administrator.

(g)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(h)    "Claimant" means a person or entity who submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(i)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(j)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)    "Class Period" means the period from November 9, 2016 through December 11, 2020, inclusive.

(l)    "CohnReznick" means CohnReznick LLP.

(m)    "Complaint" means the Consolidated Amended Class Action Complaint filed on November 14, 2022.

(n)    "Court" means the United States District Court for the Southern District of New York.

(o)    "Defendants" means the Individual Defendants and the Auditor Defendants.

(p)    "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP, Allen Overy Shearman Sterling U.S. LLP, Proskauer Rose LLP, Cyrulnik Fattaruso LLP, and Hogan US Lovells LLP.

(q)    "Defendants' Releasees" means Yehuda Shmidman, Karen Murray, Gary Klein, Andrew Cooper, Chad Wagenheim, Peter Lops, David Conn, Daniel Hanbridge, Lorraine DiSanto, William Sweedler, Aaron Hollander, Al Gossett, Stewart Leonard, Jr., CohnReznick LLP, Stephen Wyss, Stephen Jackson, and Robert Hilbert, their Immediate Family, and their past or present subsidiaries, parents, affiliates, successors and predecessors,

shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, partners, principals, agents, auditors, accountants, and any firm, trust, corporation or other entity in which it has a controlling interest; and any and all Defendants, their legal representatives (including Defendants' Counsel), heirs, successors in interest or assigns, or any person, firm, trust, corporation or other entity in which any Defendant has a controlling interest.

(r)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met and have occurred or have been waived.

(s)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(t)    "Escrow Agent" means The Huntington National Bank.

(u)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)    "Final," with respect to the Judgment or any other court order means the later of: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the applicable Federal Rules of Civil Procedure and Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other

9

form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

(w)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(x)    "Individual Defendants" means Yehuda Shmidman, Karen Murray, Gary Klein, Andrew Cooper, Chad Wagenheim, Peter Lops, David Conn, Daniel Hanbridge, Lorraine DiSanto, William Sweedler, Aaron Hollander, Al Gossett, and Stewart Leonard, Jr.

(y)    "Judgment" means a final order of judgment and dismissal, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(z)    "Lead Counsel" means the law firm of Freedman Normand Friedland LLP, formerly known as Roche Freedman LLP.

(aa)    "Lead Plaintiff" means CJD Property Finance Company, LLC.

(bb)    "Litigation Expenses" means the reasonable costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

10

(iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(dd)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(ee)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ff)    "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement Class.

(gg)    "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

(hh)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

11

(jj) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

(kk) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll) "Released Defendants' Claims" means all claims, debts, demands, rights, liabilities, or causes of action of every nature and description whatsoever, whether based in law or equity, whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, foreign, or any other law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. For the avoidance of doubt, Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

(mm) "Released Plaintiffs' Claims" means all claims, debts, demands, rights, liabilities, or causes of action of every nature and description whatsoever, whether based in law or equity, whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, foreign, or any other law, from the beginning of time until the date on which the Court enters final approval of the Settlement and the Judgment, the case is dismissed, and all appeals, if any, have been exhausted and which have been or could have been asserted in any forum by Lead Plaintiff or the Settlement Class, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity against any of the Defendants' Releasees, which arise out of, or related in any way, directly or indirectly, to the allegations, Class Period transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitations, claims for securities fraud, statutory or common law

12

fraud, negligence, gross negligence, or breach of fiduciary duty.  For the avoidance of doubt, Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlement.

(nn)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(oo)    "Releases" means the releases set forth in ¶¶ 5-9 of this Stipulation.

(pp)    "Sequential" or the "Company" means Sequential Brands Group, Inc.

(qq)    "Sequential Securities" means securities that traded on the NASDAQ Exchange under the ticker symbol SQBG.

(rr)    "Settlement" means the resolution of the Action against Defendants in accordance with the terms and conditions set forth in this Stipulation.

(ss)    "Settlement Amount" means the total amount of $9,750,000.00 in cash.

(tt)    "Settlement Class" means all persons and entities that purchased or otherwise acquired Sequential Securities between November 9, 2016 and December 11, 2020, inclusive.  Excluded from the Settlement Class are: (i) Defendants, (ii) Immediate Family Members of Defendants; (iii) any partners and employees of CohnReznick during the Class Period and members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest, and (iv) any directors and officers of Sequential during the Class Period and members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.  Also excluded from the Settlement Class are any persons and entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

13

(uu)    "Settlement Class Member" means each person and entity that is a member of the Settlement Class.

(vv)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon held in the Escrow Account.

(ww)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) to consider final approval of the Settlement.

(xx)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3 to be published as set forth in the Preliminary Approval Order.

(yy)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(zz)    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  Lead Plaintiff or the Settlement Class Members may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but, upon the

14

Effective Date of the Settlement, Lead Plaintiff and the Settlement Class Members shall have expressly waived and shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, relinquished, settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a)

15

and 23(b)(3) on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g).

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Within thirty (30) days of the execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants provided that Lead Counsel shall have provided Defendants' Counsel with a draft of the motions five business (5) days before the filing deadlines for those motions so that Defendants' Counsel can provide any proposed edits or revisions to those motions.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  If the Settlement is terminated for any reason or not approved by the Court, the conditional approval of the Action as a class action shall be vacated immediately without further application or motion by any person or entity, and the Action shall proceed as if the Settlement Class had never been certified, and the appointments in ¶ 2 had not been made, and the Parties shall revert to their respective litigation positions as if this Stipulation, and all negotiations, discussions, and proceedings in connection herewith, never existed.

**RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, further covenants not to sue any Defendants' Releasee on the basis of any Released Plaintiffs' Claim or to assist any third party in commencing or maintaining any suit related to any Released Plaintiffs' Claim, provided however, that nothing in this paragraph shall prevent Lead Plaintiff from responding to any subpoena or valid legal process.

6.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each

17

and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Further, pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, the Individual Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall release and forever discharge the Auditor Defendants' Released Parties from any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and unknown claims, from the beginning of time until the date on which the Court enters final approval of the Settlement and the Judgment, the case is dismissed, and all appeals, if any, have been exhausted and which have been or could have been asserted in any forum by the Individual Defendants, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity against any of the Auditor Defendants' Released Parties, which arise out of, or related in any way, directly or indirectly, to the allegations, Class Period transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitations, claims for securities fraud, statutory or common law fraud, malpractice, negligence, professional negligence, gross negligence, breach of fiduciary duty, or contribution.  An action to enforce the terms of the Settlement shall not be released.

18

8.      Additionally, the Individual Defendants agree not to make, or cause any person or entity to make, any false, disparaging, or defamatory comments in regard to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved in the Action, whether orally or in writing, about the Auditor Defendants, their business affairs, or any of CohnReznick's known present or former partners, employees, clients, contractors, agents, or affiliates.  The Individual Defendants shall further agree not to take any action or make any statement whether orally or in writing in regard to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved in the Action, which has the purpose or effect of injuring or in any way detracting from the reputation of the Auditor Defendants, their business affairs, or any of CohnReznick's known present or former partners, employees, clients, contractors, agents, or affiliates.

9.      Prior to moving for a Preliminary Approval Order, Plaintiff shall dismiss without prejudice Stephen Wyss, Stephen Jackson, and Robert Hilbert from this Action.  At such time as the Settlement of this Action shall become Final, Plaintiff shall cause that dismissal to be made with prejudice.  The provisions of this Stipulation, including but not limited to the Releases and bar order provisions contained in ¶ 11 and the non-disparagement clause in ¶ 8, shall apply to Stephen Wyss, Stephen Jackson, and Robert Hilbert notwithstanding this preliminary dismissal, unless the parties agree otherwise.

10.      Notwithstanding ¶¶ 5-9 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

11.      However, Defendants and Defendants' Releasees are barred from commencing, prosecuting, or asserting any Barred Claims.  All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable.  If any term of this ¶ 11 is held to be

19

unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Defendants and Defendants' Releasees the fullest protection permitted by law from any Barred Claim.

**THE SETTLEMENT CONSIDERATION**

12.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, the Individual Defendants shall deposit or cause to be deposited $6,250,000.00, and the Auditor Defendants shall deposit or cause to be deposited $3,500,000.00 (which payments are collectively the "Settlement Amount"), into the Escrow Account no later than thirty (30) days after the later of: (a) the date of entry by the Court of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

**USE OF SETTLEMENT FUND**

13.     The Settlement Fund shall be used to pay (a) any Notice and Administration Costs; (b) any Taxes; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. Following these payments, the balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-34 below. The Settlement Fund shall be the sole source for covering any Settlement costs, and Lead Plaintiff, Lead Counsel,

20

and Settlement Class Members shall have no recourse against Defendants for any Settlement costs.

14.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. Following the payments described in ¶ 12 above, the Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

15.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other

tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

16.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein. The Settlement Fund shall indemnify and hold harmless all Releasees for any Taxes (including, without limitation, taxes payable by reason of any such indemnification). Defendants shall notify Lead Counsel if they receive any notice of any claim for Taxes.

22

17.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity that paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

18.    Following entry of the Preliminary Approval Order, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity that paid any portion of the Settlement Amount.  For the avoidance of doubt, in the event that the Settlement is terminated pursuant to the terms of this Stipulation, all funds in the Escrow Account that have not been paid or are not payable for Notice or Administration Costs that were incurred by the date of such termination must be returned as instructed by Defendants' Counsel no later than thirty (30) days following written notice of such termination.  The amount

to be returned to the Individual Defendants (or whomever the Individual Defendants caused to deposit the funds into the Escrow Account) shall be determined by multiplying the total amount to be returned by .6411 and the amount to be returned to the Auditor Defendants (or whomever the Auditor Defendants caused to deposit the funds into the Escrow Account) shall be determined by multiplying the total amount to be returned by .3589.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.    Lead Counsel will apply to the Court for an award of attorneys' fees to Lead Counsel to be paid solely from (and out of) the Escrow Account.  Lead Counsel also will apply to the Court for payment or reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Settlement Class, as well as a service award, to be paid solely from (and out of) the Escrow Account.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.  None of Defendants' Releasees or Plaintiffs' Releasees have discussed with Plaintiff, any Settlement Class Member, or Lead Counsel the amount that Lead Counsel may seek.

20.    Any attorneys' fees and Litigation Expenses that are awarded by the Court may be withdrawn from the Escrow Account and paid to Lead Counsel upon the Court's Final approval of the Settlement and entry of the Judgment, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Escrow Account, plus accrued interest at the same net rate as is earned by the Escrow Account, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced

24

or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

21.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

22.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall

25

cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

23.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort.   Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

24.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.   At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA § 1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of an order granting final approval of the Settlement or entering the Judgment.

25.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

26

26.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

27.     Any Settlement Class Member who does not submit a valid Claim by the date set by the Court in the Preliminary Approval Order and specified in the Notice will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

28.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the

obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

29.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to

29

that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims; provided, however, that Defendants may verify through Lead Counsel whether specific persons or entities that opt out of the Settlement Class have submitted Claims.

31. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

33. No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel (including Defendants' Counsel), arising from distributions made substantially in accordance with the Stipulation, the plan of allocation

approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

34.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

35.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 12 above;

31

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23, and entered the Judgment and the Judgment has become Final.

37.    Upon the occurrence of all the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice and this Stipulation shall be null and void and shall have no further force or effect.

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of the date of this Stipulation, and they expressly and affirmatively reserve all defenses, motions, and arguments as to all Claims that have been or might later be asserted in the Action, including any argument that the Action may not be litigated as a class action.

(c)    The terms and provisions of this Stipulation and the fact of this Settlement, with the exception of this ¶ 38 and ¶¶ 18, 20, 42, and 62 herein, shall have no further

force and effect with respect to the Parties, shall not be enforceable against any party, and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 20 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to written instructions from Defendants' Counsel.  In the event that the funds received by Lead Counsel consistent with ¶ 20 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to written instructions from Defendants' Counsel immediately upon their deposit into the Escrow Account consistent with ¶ 20 above.

39.    It is further stipulated and agreed that Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve the Settlement or any material part thereof; (c) the Court's refusal to enter the Judgment in any material respect as to the Settlement; or (d)

the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 38 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment, if applicable, and shall not be grounds for termination of the Settlement.

40.     In addition to the grounds set forth in ¶ 39 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 12 above, by providing written notice of the election to terminate to Defendants' Counsel.

41.     In addition to the grounds set forth in ¶ 39 above, any one Defendant shall have the unilateral right to terminate the Settlement, only as to that Defendant, in that Defendant's sole discretion based on the amount of collective requests for exclusion from the Settlement Class by Settlement Class Members.  Ten (10) days before the date for the Settlement Hearing, Lead Counsel shall provide Defendants' Counsel with a list of any and all shareholders that have opted out from the Settlement along with the number of shares that shareholder held.  Any one Defendant shall have the option to terminate the Settlement, only as to that Defendant, in that Defendant's discretion based on that information, and in compliance with this paragraph.

## NO ADMISSION OF WRONGDOING

42.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any

proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

43.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

44.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

45.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and

36

Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 38 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 38.

46.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process between Plaintiff and the Individual Defendants that was supervised and conducted by Robert A. Meyer of JAMS, and a mediation process between Plaintiff and the Auditor Defendants that was conducted by Lead Counsel and counsel for the Auditor Defendants, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

47.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

48.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

50.    Any condition in this Stipulation may be waived by the Party entitled to enforce the condition in a writing signed by that Party or its counsel.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

51.    This Stipulation constitutes the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

52. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

54. The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

56. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

57. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as

39

embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

59.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead<br><br>Counsel: | Freedman Normand Friedland LLP<br>Attn:  Ivy T. Ngo, Esq.<br>        Vel Freedman, Esq.<br>1 SE 3rd Avenue, Suite 1240<br>Miami, FL 33131<br>Telephone: (786) 924-2900<br>Facsimile: (646) 392-8842<br>Emails: ingo@fnf.law<br>            vel@fnf.law |
| If to Defendants: | Gibson, Dunn & Crutcher LLP<br>Attn:  Mitchell Karlan, Esq.<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>Email: mkarlan@gibsondunn.com<br><br>Cyrulnik Fattaruso LLP<br>Attn:  Michael M. Pomerantz, Esq.<br>55 Broadway 3rd Floor<br>New York, NY 10006<br>Telephone: (646) 494-5663<br>Email: mpomerantz@cf-llp.com<br><br>Hogan Lovells US LLP<br>Attn:  James Bernard, Esq.<br>390 Madison Avenue<br>New York, NY 10017<br>Telephone: (212) 918-3000 |

Facsimile: (212) 918-3100
Email: James.Bernard@hoganlovells.com

Proskauer Rose LLP
Attn:  Jonathan M. Weiss, Esq.
2029 Century Park East Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 284-4524
Facsimile:  (310) 557-2193
Email: jweiss@proskauer.com

Allen Overy Shearman Sterling US LLP
Attn:  Lyle Roberts, Esq.
401 9th Street, NW, Suite 800
Washington, DC 20004-2128
Telephone: (205) 508-8108
Facsimile:
Email: lyle.roberts@aoshearman.com

60.    Except as otherwise provided herein, each Party shall bear its own costs.

61.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

62.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

63.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of October 30, 2024.

**FREEDMAN NORMAND FRIEDLAND LLP**

By: */s/ Ivy T. Ngo*
Ivy T. Ngo
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Telephone:  (786) 924-2900
Facsimile:  (646) 392-8842

*Lead Counsel for Lead Plaintiff
and the Settlement Class*

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Mitchell Karlan*
Mitchell Karlan
200 Park Avenue
New York, NY 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

*Counsel for Defendants Andrew Cooper, Chad Wagenheim, Peter Lops, David Conn, Daniel Hanbridge, Lorraine DiSanto, William Sweedler, Aaron Hollander, Al Gossett, and Stewart Leonard, Jr*

**CYRULNIK FATTARUSO LLP**

By: */s/ Michael M. Pomerantz*
Michael M. Pomerantz
55 Broadway 3rd Floor
New York, NY 10006
Telephone: (646) 494-5663

*Counsel for Defendant Yehuda Shmidman*

**PROSKAUER ROSE LLP**

By: */s/ Jonathan M. Weiss*
Jonathan M. Weiss
2029 Century Park East Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 284-4524
Facsimile:  (310) 557-2193

*Counsel for Defendant Karen Murray*

**HOGAN LOVELLS US LLP**

By: */s/ James Bernard*
James Bernard
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile:  (212) 918-3100

*Counsel for Defendants CohnReznick LLP, Stephen Wyss, Stephen Jackson, and Robert Hilbert*

**ALLEN OVERY SHEARMAN STERLING U.S. LLP**

By: */s/ Lyle Roberts*
Lyle Roberts
401 9th Street, NW, Suite 800
Washington, DC 20004-2128
Telephone: (205) 508-8108
Facsimile: (202) 661-7346

*Counsel for Defendant Gary Kleiny*