**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., COHNREZNICK LLP, STEPHEN WYSS, STEPHEN JACKSON, and ROBERT HILBERT, <br><br> Defendants. | Case No.: 1:21-cv-07296 <br><br> <u>CLASS ACTION</u> <br><br> Honorable J. Paul Oetken <br><br> **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - <u>EXHIBIT B</u>** |

WHEREAS, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _____, 2024, on the application of Lead Plaintiff for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of October 30, 2024 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference (a) the Stipulation; and (b) the Notice, and Declaration of the Claims Administrator filed with this Court on October 30, 2024.  All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure ("Rule") 11.

4.      Pursuant to Rule 23, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all persons and entities who purchased or otherwise acquired Sequential Securities from November 9, 2016 to December 11, 2020, inclusive, and were damaged thereby.  Excluded from the Class are Defendants and their immediate families, Sequential' s officers and directors at all relevant

2

times, as well as their immediate families, Defendants' legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class and are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court.

5.     This Court hereby affirms its determinations in the Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     Pursuant to Rule 23, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff CJD Property Finance Company, LLC, Individually and On Behalf of All Other Similarly Situated, ("Plaintiff") as the class representative for the Class and Freedman Normand Friedland LLP as class counsel for the Class.

7.     The Notice of Pendency and Proposed Settlement of Class Action ("Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of those

3

proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

8.      [There have been _ objections to the Settlement, each of which was addressed by the Court at the Settlement Hearing.]

9.      Pursuant to Rule 23, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that:

(a)      the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      the class representative and Lead Counsel adequately represented the Class;

(c)      there was no collusion in connection with the Stipulation;

(d)      the Stipulation was the product of informed, arm's-length negotiations among competent, experienced and able counsel; and

(e)      the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

10.      Accordingly, the Court authorizes and directs the implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and

4

provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice.  The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

11.    The Releases set forth in Paragraphs 1 and 5–11 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference. Accordingly, this Court orders that:

(a)    Pursuant to this Judgment, without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall have, and each Plaintiffs' Releasees shall be deemed to have, by operation of this Judgment, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims against Defendants' Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against Defendants' Releasees, whether or not such Plaintiffs' Releasee executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released; and

(b)    Upon the Effective Date, and as provided in the Stipulation, each of Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every Released Defendants' Claim against Plaintiff, each and all of the Class Members, and Lead Counsel . This release shall not apply to any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.  Notwithstanding the foregoing, nothing in

this Judgment shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of Defendants' Releasees.

12.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or application by Lead Plaintiff pursuant to 15 U.S.C.§78u-4(a)(4) in connection with its representation of the Class shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.    Paragraph 42 of the Stipulation is expressly incorporated herein.  Neither this Judgment, the Settlement, the Stipulation, the Plan of Allocation contained therein, the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communication relating thereto, is evidence, or an admission or concession by any Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

14.    Defendants have denied and continue to deny any wrongdoing, and this Judgment, the Settlement, or the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this

Judgment, the Settlement, or the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

15.     Paragraph 42 of the Stipulation is expressly incorporated herein.  Neither the Settlement, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any Defendant or in any way referred to for any other reason as against any Defendant, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions

7

of the Stipulation;

(b)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Plaintiff and the Class;

(c)    shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Stipulation is approved by the Court, Defendants' Releasees may refer to it to effectuate the release granted them hereunder; or

(d)    shall be construed against Defendants, Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

16.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; all parties herein for the purpose of construing, enforcing, and administering the Stipulation; the Class Members for all matters relating to the Action; and (f)

8

other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Stipulation.

18.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

20.    The Court directs immediate entry of this Judgment by the Clerk of the Court.


**IT IS SO ORDERED.**

 **DATED:** _____

THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

9