**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:21-cv-07296 |
| Plaintiff, | |
| v. | CLASS ACTION |
| YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., COHNREZNICK LLP, STEPHEN WYSS, STEPHEN JACKSON, and ROBERT HILBERT, | Honorable J. Paul Oetken<br><br>**DECLARATION OF LEAD PLAINTIFF CJD PROPERTY FINANCE COMPANY, LLC IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| Defendants. | |

I, Michael Higgins declare, as follows:

1.      I respectfully submit this Declaration in support of CJD Property Finance Company, LLC ("Lead Plaintiff" or "CJD") Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4). I have personal knowledge of the matters set forth herein and, if called a witness, could and would competently testify thereto.

2.      I am the Managing Director of CJD and in this capacity, I have actively participated in and overseen the prosecution of this action on behalf of the Settlement Class.

3.      CJD was appointed Lead Plaintiff in this litigation on June 11, 2021, and the law firm of Freedman Normand Friedland LLP ("FNF", (f/k/a Roche Freedman LLP) was appointed as Lead Counsel. Since that time, CJD has actively supervised and participated in the prosecution and resolution of this case.

4.      This litigation involved significant complexity, including allegations of materially false and misleading statements regarding Sequential Brands Group, Inc.'s financial condition and goodwill impairment. The case required extensive legal and factual analysis, consultations with experts, and significant briefing to address Defendants' motions to dismiss.

5.      Following its appointment as Lead Plaintiff, CJD has remained fully informed of all material developments in the case. CJD engaged extensively with counsel regarding litigation strategy, and settlement negotiations. Specifically, CJD: (a) Participated in numerous meetings, phone conferences, and correspondence with counsel; (b) Reviewed pleadings, including amended complaints and briefs; (c) Regularly consulted with counsel regarding litigation and settlement

strategy; and (d) Reviewed and provided input during settlement negotiations, including materials exchanged during mediation.

6. Over the course of the litigation, I personally communicated with Ivy T. Ngo at FNF and Brian Schall and Rina Restaino at the Schall Law Firm to discuss the status of the case and Lead Counsel's strategy for the prosecution of the case. In addition, I reviewed materials submitted by the parties to the mediator and engaged in follow-up conversations with counsel to maximize the outcome for class members.

7. CJD have evaluated the significant risks and uncertainties of continuing litigation, including, among other things, the possibility of a nominal recovery or even no recovery at all, and have authorized Lead Counsel to settle this litigation for $9,750,000. CJD is conscious of the possibility of losing at motion to dismiss, summary judgment, or trial and that, even were they to prevail, defendants likely would appeal, rendering any ultimate recovery for class members still years away. CJD believes the settlement is fair and reasonable, represents a very good recovery, and is in the best interests of class members.

8. While Lead Plaintiff recognizes that any determination of attorneys' fees and expenses is left to the Court, CJD believes that Lead Counsel's request for attorneys' fees of 25% of the settlement amount and expenses of $38,927.19, plus interest on both amounts, is fair and reasonable, as this settlement would not have been possible without FNF's diligent and aggressive prosecutorial efforts

9. Throughout the three-plus years of this litigation, I and others at CJD have dedicated approximately 6 hours on the prosecution of this litigation, diverting time from CJD's

regular business activities. Based upon my annual salary, we believe that an award of $3,000, is reasonable and appropriate for the time we incurred on behalf of the CJD in representing the class.

10.    Based on the above, CJD respectfully request that the Court grant final approval of the settlement, approve Lead Counsel's motion for an award of attorneys' fees and expenses, and award CJD $3,000 for the time and effort expended in representing the Class in this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____1/21/2025_____ in _____Monaco_____, _____Monaco_____.

Signed by:

*michael higgins*

1A2F1A3C9F504AF...

Michal Higgins
Managing Director, CJD Property Finance Company