**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., and COHNREZNICK LLP, <br><br> Defendants. | Case No.: 1:21-cv-07296 <br><br> <u>CLASS ACTION</u> <br><br> Honorable J. Paul Oetken |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT, (2) APPROVAL OF PLAN OF ALLOCATION, AND (3) LEAD COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND A SERVICE AWARD TO <u>PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  THE POSITIVE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE

     MOTION ........................................................................................................... 1

III. CONCLUSION .................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fogarazzo v. Lehman Bros.*,
    No. 03 CIV. 5194 SAS, 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011)..........................................4

*Guevoura Fund Ltd. v. Sillerman*,
    No. 1:15-CV-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ................................3, 4

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
    298 F.R.D. 171 (S.D.N.Y. 2014) ................................................................................................3

*In re Bear Stearns, Inc. Sec., Derivative, & ERISA Litig.*,
    909 F. Supp. 2d 259 (S.D.N.Y. 2012)........................................................................................3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010)..............................3, 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    986 F. Supp. 2d 207 (E.D.N.Y. 2013).........................................................................................4

*In re Signet Jewelers Ltd. Securities Litig.*,
    No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020) ..........................4

*In re Sturm, Ruger, & Co., Inc. Sec. Litig.*,
    No. 3:09CV1293 VLB, 2012 WL 3589610 (D. Conn. Aug. 20, 2012)......................................3

*In re Veeco Instruments Inc. Sec. Litig.*,
    No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)...................................4

*Maley v. Del Glob. Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002).........................................................................................4

*Schutter v. Tarena Int'l., Inc.*,
    No. 21-CV-3502 (PKC), 2024 WL 4118465 (E.D.N.Y. Sept. 9, 2024) .....................................3

*Stinson v. City of New York*,
    256 F. Supp. 3d 283 (S.D.N.Y. 2017).........................................................................................3

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) .........................................................................................................3

**Statutes**

15 U.S.C. §78u-4(a)(4) ....................................................................................................................1, 2

Lead Plaintiff CJD Finance Company, LLC on behalf of itself and the Class, and Lead Counsel respectfully submit this memorandum of law in further support of (i) Plaintiff's motion for final approval of the Settlement; (ii) approval of the Plan of Allocation; and (iii) Lead Counsel's application for an award of attorneys' fees and expenses and a service award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) ("Motion").[1]

## I.    INTRODUCTION

The proposed Settlement resolves this Litigation in its entirety in exchange for a cash payment of $9,750,000. As detailed in Plaintiff's and Lead Counsel's opening final approval memorandum (ECF 155), the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations, and represents a very favorable result for the Class in light of the substantial challenges that Plaintiff would have faced in proving liability and damages.

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing and emailing 36,898 copies of the Summary Notice to potential Class Members and nominees. In response to this notice program, no Class Member requested exclusion from the Settlement or objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application. As detailed below, this positive reaction of the Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses to Lead Counsel and service award to Plaintiff are fair and reasonable and should be approved.

## II.    THE POSITIVE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE MOTION

Plaintiff and Lead Counsel respectfully submit that the opening papers demonstrate why

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement (ECF 147-1) and the Declaration of Ivy T. Ngo in Support of Plaintiff's Motion for (1) Final Approval of Class Action Settlement, (2) Approval of Plan of Allocation, and (3) Lead Counsel's Application for an Award of Attorneys' Fees and Expenses and Award to Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4). ECF 156. Citations are omitted and emphasis is added throughout unless otherwise noted.

approval of the Motion is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the lack of any objections or requests for exclusions from the Class provides additional support for approval of the Motion.

Pursuant to the Court's Preliminary Approval Order, 36,898 copies of the Summary Notice have been mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Dawn M. Cody of Angeion Group Regarding (A) Update on Mailing of the Summary Notice; (B) Update on Requests for Exclusions and Objections; and (C) Report on Claims Received to Date ("Supp. Cody Decl."), ¶ 7, submitted herewith. The Summary Notice provided the website dedicated to the Settlement, informing Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount up to 25% of the Settlement Amount and expenses up to $45,000.00, plus interest on both amounts, and that Plaintiff may seek an award in an amount not to exceed $5,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. *See* Declaration of Dawn M. Cody of Angeion Group Regarding: (A) Notice Mailing; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date ("Cody Decl."), ¶11 and Ex. A (Notice at 2-3).

The Summary Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, their right to exclude themselves from the Class, and the February 4, 2025 deadline for filing objections and requests for exclusion. *See id.*, Ex. A at 2-3. The Summary Notice, informing readers of the proposed Settlement, the Class definition, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *Investor's Business Daily* and released over *PR Newswire*. *See* Cody Decl., ¶ 10. The Claims Administrator established and maintains the case-specific website that provides detailed information and links to relevant documents. *Id.*, ¶ 11.

As noted above, following this notice program, no Class Member requested for exclusion from the Settlement or objected to any aspect of the Settlement, the Plan of Allocation, or fee and expense application. Supp. Cody Decl., ¶¶ 8-9.

The absence of requests for exclusions and objections supports a finding that the Settlement is fair, reasonable, and adequate. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement."); *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of ... objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, No. 3:09CV1293 VLB, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."). That "a relatively small number of Class Members submitted claims is not decisive." *Schutter v. Tarena Int'l., Inc.*, No. 21-CV-3502 (PKC), 2024 WL 4118465, at *10 (E.D.N.Y. Sept. 9, 2024). Rather, "[i]t is the 'absence of significant exclusion[s] or objection[s]' that courts in this Circuit regularly consider, not low response rates." *Stinson v. City of New York*, 256 F. Supp. 3d 283, 290 (S.D.N.Y. 2017) (alterations in original) (quoting *In re Bear Stearns, Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 267 (S.D.N.Y. 2012)).

Likewise, the lack of objections from any Class Member supports approval of the Plan of

3

Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Signet Jewelers Ltd. Securities Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The reaction of the Class also supports approval of the Plan of Allocation" where there were no objections); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 241 (E.D.N.Y. 2013) (That the proposed plan of allocation was fair and reasonable was "buttressed by the ... absence of objections from class members").

Finally, the positive reaction of the Class should be considered with respect to Lead Counsel's application for an award of attorneys' fees and expenses and a service award to Plaintiff. The absence of any objections to the requested awards supports the finding that these requests are fair and reasonable. *See, e.g.*, *Guevoura Fund*, 2019 WL 6889901, at *22 ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *In re Flag*, 2010 WL 4537550, at *29 ("[T]he lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee."); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (Because "[t]he reaction by members of the Class is entitled to great weight by the Court[,]" the absence of any "objection to the fee request or the expense reimbursement sought … attests to the approval of the Class."). This is particularly true where the requested attorneys' expenses and service award to Plaintiff are less than what had been noticed to the Class. *See, e.g., Fogarazzo v. Lehman Bros.*, No. 03 CIV. 5194 SAS, 2011 WL 671745, at *1-2 (S.D.N.Y. Feb. 23, 2011) (finding litigation expenses and service award to lead plaintiff fair and reasonable when the actual amounts were less than the amounts disclosed in the notice of pendency of settlement).

4

**III.    CONCLUSION**

For the foregoing reasons and those set forth in the opening papers, Plaintiff respectfully requests that the Court approve the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses and a service award to Plaintiff.

Dated: February 14, 2025               Respectfully,

/s/ *Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Devin (Velvel) Freedman
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
ingo@fnf.law
vel@fnf.law
Tel.: 786.924.2900
Fax: 646.392.8842

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2025, a true and correct copy of the foregoing was filed electronically using the Court's electronic filing system and notice of this filing will be sent to all registered parties.

/s/ *Ivy T. Ngo*
Ivy T. Ngo, Esq.