UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., and COHNREZNICK LLP,<br><br>Defendants. | Case No.: 1:21-cv-07296<br><br>CLASS ACTION<br><br>Honorable J. Paul Oetken |

**FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE**

WHEREAS, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated November 8, 2024, on the application of Plaintiff for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of October 30, 2024 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference: (a) the Stipulation; and (b) the Notice, Summary Notice, and Declaration of the Claims Administrator filed with this Court on October 30, 2024. All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all persons and entities who purchased or otherwise acquired Sequential Securities between November 9, 2016 and December 11, 2020, inclusive. Excluded from the Class are Defendants and their immediate families; any partners and employees of CohnReznick during the Class Period and members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the above have or had a controlling interest; and any directors and officers of Sequential during the Class Period and members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any of the above have or had a controlling interest.

This Court hereby affirms its determinations in the Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiff are typical of the claims of the Class it seeks to represent; (d) Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order and finally appoints Plaintiff CJD Finance Company, LLC ("Plaintiff") as the class representative for the Class and Freedman Normand Friedland LLP as class counsel for the Class.

The Notice of Pendency and Proposed Settlement of Class Action ("Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

There have been no objections to the Settlement.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Stipulation in

all respects, and finds that: the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class; the class representative and Lead Counsel adequately represented the Class; there was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's-length negotiations among competent, experienced and able counsel; and the record is sufficiently developed and complete to have enabled Plaintiff and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs the implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

The Releases set forth in Paragraphs 4-11 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference. Accordingly, this Court orders that:

Pursuant to this Judgment, without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, shall be deemed to have, and by operation law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims against the Defendants' Releasees and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees. Plaintiff and each of the other Settlement Class members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns further shall not sue any Defendants' Releasee on the basis of any Released Plaintiffs' Claim or assist any third party in commencing or maintaining any suit related to any Released Plaintiffs' Claim, but nothing in this Judgment shall prevent Plaintiff from responding to any subpoena or valid legal process.

Pursuant to this Judgment, without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

Pursuant to this Judgment, without further action by anyone, upon the Effective Date, and as provided in the Stipulation, the Individual Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall release and forever discharge the Auditor Defendants' Released Parties from any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and unknown claims, from the beginning of time until the date of this Judgment and all appeals, if any, have been exhausted and which have been or could have been asserted in any forum by the Individual Defendants, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity against any of the Auditor Defendants' Released Parties, which arise out of, or related in any way, directly or indirectly, to the allegations, Class Period transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitations, claims for securities fraud, statutory or common law fraud, malpractice, negligence, professional negligence, gross negligence, breach of fiduciary duty, or contribution. An action to enforce the terms of the Settlement shall not be released.

Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or application by Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Neither this Judgment, the Settlement, the Stipulation, the Plan of Allocation contained therein, the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communication relating thereto, is evidence, or an admission or concession by any Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

Defendants have denied and continue to deny any wrongdoing or liability and maintain that they have meritorious defenses, and Defendants have represented that they entered into the Settlement solely in order to avoid the cost and burden of litigation.

Neither the Settlement, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

Shall be offered or received against any of the Defendants' Releasees as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission of the truth of any allegations by Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation

5

of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; shall be offered or received against any of the Defendants' Releasees as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Plaintiff and the Class; shall be offered or received against any of the Defendants' Releasees as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Stipulation is approved by the Court, the Defendants' Releasees may refer to it to effectuate the release granted them hereunder; or shall be construed against Defendants' Releasees, Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; hearing and determining applications for attorneys' fees, expenses, and interest in the Action; all parties herein for the purpose of construing, enforcing, and administering the Stipulation; the Class Members for all matters relating to the Action; and (f) other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Stipulation.

Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

The Court directs immediate entry of this Judgment by the Clerk of the Court.
*The Clerk is directed to terminate all pending motions and to close this case.*

IT IS SO ORDERED.

DATED:  February 24, 2025

_____
J. PAUL OETKEN
United States District Judge