UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., and COHNREZNICK LLP,<br><br>      Defendants. | Case No.: 1:21-cv-07296<br><br>CLASS ACTION<br><br>Honorable J. Paul Oetken |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO
PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

This matter having come before the Court on January 21, 2025, on the motion of Lead Counsel for an award of attorneys' fees and expenses and award to Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable, and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated October 30, 2024 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Amount and expenses of $38,927.19, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel immediately upon execution of the Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶ 20 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

    (a) the Settlement has created a fund of $9,800,398.64 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

    (b) over 36,898 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees 25% of the Settlement Amount and expenses of $38,927.19, plus interest on both amounts;

    (c) Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

    (d) Lead Counsel pursued the Litigation entirely on a contingent basis;

    (e) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

    (f) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

    (g) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

    (h) the attorneys' fees and expenses awarded are fair and reasonable.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $3,000 to Plaintiff for the time it spent

directly related to its representation of the Class.

8. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: February 24, 2025

_____
J. PAUL OETKEN
United States District Judge