## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., and COHNREZNICK LLP, <br><br> Defendants. | Case No.: 1:21-cv-07296 <br><br><br> CLASS ACTION <br><br> Honorable J. Paul Oetken |

## NOTICE OF LEAD PLAINTIFF'S MOTION FOR
## APPROVAL OF DISTRIBUTION PLAN

TO:        All Counsel of Record

PLEASE TAKE NOTICE that in accordance with Federal Rule of Civil Procedure 23(e) and this Court's Judgment Approving Class Action Settlement (ECF No. 169) and Order Approving Plan of Allocation of Net Settlement Fund (ECF No. 170), Lead Plaintiff, on behalf of themselves and the Settlement Fund, will and do hereby move this Court, before the Honorable J. Paul Oetken, for entry of the accompanying [Proposed] Order Approving Distribution Plan ("Class Distribution Order").[1]

This motion ("Motion") is based upon (a) the Declaration of Dawn M. Cody in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan ("Cody Declaration") submitted herewith on behalf of the Court-authorized Claims Administrator, Angeion Group; (b) the accompanying Memorandum of Law in Support of Lead Plaintiff's Motion for Approval of Distribution Plan; and (c) all other papers and proceedings herein.

The Class Distribution Order would, among other things: (i) approve the administrative determinations of Angeion Group accepting and rejecting Claims submitted in connection with the Settlement reached in the above-captioned Action; (ii) direct the distribution of the Net Settlement Fund to Claimants whose Claims are accepted by Angeion Group as valid and approved by the Court ("Authorized Claimants"), while maintaining a Reserve for any tax liability or claims administration-related contingencies that may arise; (iii) direct that distribution checks state that the check must be cashed within 90 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; and (v) approve the recommended plan for any funds remaining after the distribution.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated October 30, 2024 (ECF No. 147-1) ("Stipulation"), and in the Cody Declaration filed herewith.

As set forth in the Cody Declaration, there are no Claimants with outstanding requests for Court review of Angeion Group's administrative determinations with respect to their Claims.

Defendants have stated that they take no position on the Motion and, pursuant to the terms of the Stipulation, Defendants have no interest in the relief sought by the Motion.

Dated: October 21, 2025                  Respectfully,

/s/ *Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Devin (Velvel) Freedman
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
ingo@fnf.law
vel@fnf.law
Tel.: 786.924.2900
Fax: 646.392.8842

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, a true and correct copy of the foregoing was filed electronically using the Court's electronic filing system and notice of this filing will be sent to all registered parties.

/s/ *Ivy T. Ngo*

Ivy T. Ngo, Esq.