**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:21-cv-07296 |
| Plaintiff, | |
| v. | <u>CLASS ACTION</u> |
| YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., and COHNREZNICK LLP, | Honorable J. Paul Oetken |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

**TABLE OF CONTENTS**

I.    BACKGROUND.............................................................................................................2

II.   CLAIMS ADMINISTRATION ...................................................................................3

    1.    Disputed Claims ...............................................................................................4

    2.    Late Claims and Final Cut-Off Date ...............................................................5

III.  FEES AND EXPENSES OF CLAIMS ADMINISTRATOR........................................5

IV.   DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND...............................6

    1.    Initial Distribution of the Net Settlement Fund..............................................6

    2.    Additional Distribution(s) of the Net Settlement Fund...................................7

V.    RELEASE OF CLAIMS ..............................................................................................8

VI.   CONCLUSION .............................................................................................................9

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

<u>**Cases**</u>

*In re Cnova N.V. Sec. Litig.*,
  2021 WL 100548 (S.D.N.Y. Jan. 12, 2021)......................................................................9

*In re Eletrobras Sec. Litig.*,
  467 F. Supp. 3d 149 (S.D.N.Y. 2020)...............................................................................9

*Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Bank of America Corp.*,
  318 F.R.D. 19 (S.D.N.Y. 2016) .........................................................................................8

Lead Plaintiff CJD Finance Company, LLC on behalf of itself and the Class, and Lead Counsel respectfully submits this motion for entry of the proposed Order Approving Distribution Plan ("Class Distribution Order"). This Motion is filed pursuant to the Stipulation and Agreement of Settlement (ECF No. 147-1) ("Stipulation"). The proposed Distribution Plan is included in the accompanying Declaration of Dawn M. Cody ("Cody Declaration" or "Cody Decl."), which was submitted on behalf of the Court-approved Claims Administrator, Angeion Group ("Angeion").[1]

Lead Plaintiff agreed to settle the Action in exchange for a cash payment of $9,750,000, which has been deposited into an escrow account and is earning interest for the benefit of the Settlement Class. As detailed in Plaintiff's and Lead Counsel's opening final approval memorandum (ECF 155), the Settlement is the product of hard-fought litigation and extensive arm's-length settlement negotiations and represents a very favorable result for the Class in light of the substantial challenges that Plaintiff would have faced in proving liability and damages.

Following dissemination of the Summary Notice to Settlement Class Members in accordance with the Court's Preliminary Approval Order (ECF No. 150) and Joint Stipulation to Amend Notice Process (ECF No. 152), Angeion mailed and emailed notice, published notice in *Investor's Business Daily*, and transmitted notice over PR Newswire. Angeion also established and maintained a toll-free number and settlement website for inquiries. No objections to the Settlement were received. On February 24, 2025, the Court entered its Final Judgment and Order of Dismissal with Prejudice (ECF No. 169), granting final approval of the Settlement and approving the Plan of Allocation. The Settlement funds should now be distributed to Settlement Class Members whose Claims Angeion has determined to be valid pursuant to the Court-approved Plan of Allocation.

The Class Distribution Order will, upon entry by the Court, permit the Court-approved Claims Administrator Angeion to make an Initial Distribution of the Net Settlement Fund to

---

[1] Unless otherwise indicated in this memorandum, all terms with initial capitalization shall have the meanings ascribed to them in the Cody Declaration or the Stipulation and Agreement of Settlement dated as of October 30, 2024 (ECF No. 147-1)

1

Authorized Claimants. The Class Distribution Order will, among other things: (i) approve Angeion's administrative determinations as the Claims Administrator, accepting and rejecting Claims submitted in connection with the Settlement reached in the Action; (ii) authorize the pro rata distribution of the Net Settlement Fund to Claimants whose Claims were determined by Angeion to be valid and approved by the Court ("Authorized Claimants"), while maintaining a 10% Reserve for taxes and claims administration-related contingencies; (iii) direct that distribution checks bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS OF ISSUE DATE"; (iv) provide that Authorized Claimants who fail to cash their distribution checks within the allotted time will irrevocably forfeit all recovery from the Settlement and the funds allocated to such checks will be subject to re-distribution; and (v) approve the recommended plan for handling any residual funds remaining after the Initial Distribution, including re-distribution or contribution to a Court-approved *cy pres* recipient, as appropriate.

As discussed below, there are no Claimants with outstanding requests for Court review of Angeion's administrative determinations with respect to their Claims. Angeion advised Claimants of their right to contest any deficiency or rejection and to request Court review within twenty (20) days of notification. No such requests were submitted. Accordingly, there are no Disputed Claims pending before the Court, and no further notice or briefing concerning disputed Claims is necessary in connection with this Motion.

## I.    BACKGROUND

On February 24, 2025, the Court entered the Judgment Approving Class Action Settlement (ECF No. 169) which approved the $9,750,000 all-cash Settlement of this Action, and entered an Order Approving Plan of Allocation of Net Settlement Fund (ECF No. 170). The Settlement's "Effective Date" under paragraph 36 of the Stipulation has now occurred, and accordingly the Net Settlement Fund may now be distributed to Authorized Claimants. In accordance with paragraph 31 of the Stipulation, Lead Plaintiff respectfully requests that the Court enter the Class Distribution

Order and approve the Distribution Plan.

In accordance with the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 150) ("Preliminary Approval Order"), and Joint Stipulation to Amend Notice Process (ECF No. 152), Angeion mailed and emailed the Summary Notice to potential Settlement Class Members, published notice in *Investor's Business Daily*, transmitted notice over PR Newswire, and provided copies of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form ("Claim Form") upon request; additional copies of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Claim Form") to potential Settlement Class Members, brokers, and other nominees; (f) received and processed Claim Forms submitted in connection with the Settlement; (g) reviewed submitted Claim Forms for accuracy and completeness and to ensure that they were supported by sufficient documentary evidence; (h) provided notice to Claimants whose Claim Forms were deficient or rejected; (i) worked with Claimants to answer questions regarding their Claims; and (j) calculated Claimants' Recognized Claim, both on an individual and class-wide basis, pursuant to the Court-approved Plan of Allocation set forth in the Notice. Cody Decl. ¶3. Angeion also established and continues to maintain a toll-free telephone number, dedicated email address, and settlement website. *Id*. ¶6. In total, Angeion disseminated the Summary Notice to more than 36,898 potential Settlement Class Members, brokers, and nominees. *Id*. ¶3. The Notice informed Settlement Class Members that to be eligible to participate in the distribution of the Net Settlement Fund, they had to submit a properly executed Claim Form postmarked (if mailed) or filed online no later than March 11, 2025. *Id*. ¶7.

**II.     CLAIMS ADMINISTRATION**

As set forth in the Cody Declaration, through August 14, 2025, Angeion received and processed 26,555 Claims. *Id*. ¶11. All Claims received through August 14, 2025, have been fully processed in accordance with the Stipulation and the Court-approved Plan of Allocation included in the Notice (see *id*.), and Angeion has worked with Claimants to help them perfect their Claims. *See*

3

*id*. ¶¶13-18. Many of the Claims were initially deficient or ineligible for one or more reasons, including being incomplete, not signed, not properly documented, or otherwise deficient, which required substantial follow-up work by Angeion. *Id*.

If Angeion determined a Claim to be defective or ineligible, Angeion sent a letter (if the Claimant or filer filed a paper Claim) or an email (if the Claimant or filer filed an electronic Claim) to the Claimant or filer, as applicable, describing the defect(s) or condition(s) of ineligibility in the Claim and the steps necessary to cure any curable defect(s) in the Claim ("Deficiency Notices"). *Id*. ¶¶13-18. The Deficiency Notices advised the Claimant or filer that the appropriate information or documentary evidence to complete the Claim had to be sent within twenty (20) days from the date of the Deficiency Notice, otherwise Angeion would recommend the Claim for rejection to the extent the deficiency or condition of ineligibility was not cured. *Id*. ¶¶14-15. Examples of the Deficiency Notices are attached as Exhibits A and B.

Of the 26,555 Claims that are the subject of this motion, Angeion has determined that 2,703 Claims are acceptable in whole or in part (2,697 timely and 6 untimely valid), and that 23,852 Claims should be rejected because they are ineligible for payment from the Net Settlement Fund. *Id*. ¶¶ 23-27. Lead Plaintiff respectfully requests that the Court approve Angeion's administrative determinations accepting and rejecting Claims as set forth in the Cody Declaration.

### 1.  <u>Disputed Claims</u>

Angeion carefully reviewed Claimants' and filers' responses to the Deficiency Notices and worked with them to resolve deficiencies where possible. *Id*. ¶¶19-20. Consistent with paragraph 29 of the Stipulation, the Deficiency Notices specifically advised the Claimant or filer of the right, within twenty (20) days after the mailing or emailing of the Deficiency Notice, to contest the rejection of the Claim and request Court review of Angeion's administrative determination of the Claim. *Id*. ¶¶13-18; Exhibits A and B.

With respect to the fully processed Claims, Angeion received no requests for Court review of its administrative determinations. *Id*. ¶20. Claimants were advised of their rights to contest

4

rejections and submit written statements for Court review, but none exercised this right. *Id*. ¶19. Accordingly, there are no Disputed Claims being submitted to the Court for resolution in connection with this Motion. *Id*. ¶20. Angeion confirmed that Claimants were provided the opportunity to contest any administrative rejection within twenty (20) days of notification. *Id.* ¶19.

### 2. **Late Claims and Final Cut-Off Date**

The 26,555 Claims received through August 14, 2025, include 31 Claims that were postmarked or received after March 11, 2025, the Court-approved Claim submission deadline. *Id.* ¶24. Those late Claims have been fully processed, and 6 of them are – but for their late submission – otherwise eligible to participate in the Settlement. *Id*. Although these 31 Claims were late, they were received while the processing of timely Claims was ongoing. *Id*. Due to the amount of time needed to process the timely Claims received, the processing of these late Claims did not delay the completion of the Claims administration process or the distribution of the Net Settlement Fund. *Id*. ¶25. Lead Counsel has discretion to accept Claims received after the Claim submission deadline. *See* Preliminary Approval Order ¶19; *see also* Notice ¶10. Lead Plaintiff respectfully submits that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claim from participating in the distribution of the Net Settlement Fund solely because it was received after the Court-approved Claim submission deadline if it were submitted while timely Claims were still being processed.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date after which no other Claims may be accepted. Accordingly, Lead Plaintiff respectfully requests that the Court order that any new late Claims (and any requested adjustments to previously filed Claims that would result in an increased Recognized Claim Amount) received after August 14, 2025, shall be barred (*see also* Cody Decl. ¶25).

### III.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

The Court-approved Claims Administrator for the Settlement, Angeion, was responsible for, among other things, disseminating notice of the Settlement to the Settlement Class, creating and

maintaining a website and toll-free telephone helpline, processing Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. Cody Decl. ¶¶3, 29-37. Angeion's fees and expenses for its work performed through August 31, 2025, are $102,838.11, and its estimated fees and expenses for work to be performed in connection with the Initial Distribution are $21,193.30, which together total $124,031.41. *Id*. ¶38. Should the estimate of fees and expenses to conduct the Initial Distribution of the Net Settlement Fund exceed the actual cost, the excess will be returned to the Net Settlement Fund and will be available for subsequent distribution to Authorized Claimants. *Id*. To date, Angeion has received payment in the amount of $102,838.11 for its fees and expenses. *Id*. Accordingly, there is an outstanding balance of $21,193.30 payable to Angeion, which amount includes the estimated fees and expenses to be incurred by Angeion in connection with completing the Initial Distribution. *Id*. Lead Counsel reviewed Angeion's invoices and respectfully requests on behalf of Lead Plaintiff that the Court approve all of Angeion's fees and expenses.

## IV.   DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

### 1.   <u>Initial Distribution of the Net Settlement Fund</u>

Under the proposed Distribution Plan, Angeion will conduct an Initial Distribution of the available balance of the Net Settlement Fund, after deducting (i) the payments previously allowed, (ii) payments approved by the Court on this motion, and (iii) any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 10% reserve to address any potential administrative contingencies (the "Initial Distribution"). *See* Cody Decl. ¶30. In the Initial Distribution, Angeion will calculate award amounts for all Authorized Claimants from the Net Settlement Fund. *Id*. ¶31. Angeion will eliminate from the Initial Distribution any Authorized Claimant whose award amount is calculated to be less than $10.00, as these Claimants will not receive any payment from the Net Settlement Fund and will be so notified by Angeion. *Id*. Angeion will then recalculate the pro rata share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized

Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. *Id*. ¶32. This pro rata share is the Authorized Claimant's Distribution Amount. *Id*.

To encourage Authorized Claimants to cash their checks promptly, Lead Plaintiff proposes that all distribution checks bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." *Id*. ¶33. Authorized Claimants who do not cash their checks within the time allotted or on the conditions stated in paragraph 33 of the Cody Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be redistributed to other Authorized Claimants in a subsequent distribution, as described below. *Id*. ¶34.

### 2.  <u>Additional Distribution(s) of the Net Settlement Fund</u>

After Angeion has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, and after a reasonable period following the Initial Distribution, any remaining balance in the Net Settlement Fund, after deducting Angeion's fees and expenses for the estimated costs of an additional distribution, as well as any taxes, the cost of preparing appropriate tax returns, and any escrow fees, the remaining funds, including the Reserve, will be distributed to all Authorized Claimants in the Initial Distribution who: (1) cashed their Distribution Payment, and (2) are entitled to at least $10.00 from the re-distribution based on their pro rata share of the remaining funds. *Id*. ¶35. If any funds remain in the Net Settlement Fund, additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in approximately 90-day intervals until Lead Counsel, in consultation with Angeion, determines that further re-distribution is not cost-effective. *Id*. ¶36. If any funds remain in the Net Settlement Fund after determining that further re-distribution is no longer cost-effective, Lead Counsel proposes that such remaining funds be contributed to the New York Bar Foundation ("TNYBF"). *Id*. ¶37.

TNYBF is a nonprofit and philanthropic organization that provides grants to further its goals

of promoting and advancing service to the public, improving the administration of justice, supporting legal research and education, upholding high standards of professional ethics, and increasing public understanding of legal heritage. *See* About the New York Bar Foundation, https://www.tnybf.org/about-us/ (last visited October 22, 2025). For over 75 years, TNYBF has worked to build and strengthen a network of legal services organizations, nonprofits, bar associations and other organizations throughout New York State. *Id*. Federal courts have approved TNYBF as a *cy pres* recipient of residual balances of net settlement funds in other securities class actions. *See*, *e.g.*, *Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Bank of America Corp.*, 318 F.R.D. 19, 24 (S.D.N.Y. 2016). Lead Counsel has no affiliation with the entity.

V.    **RELEASE OF CLAIMS**

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to (i) provide that Settlement Class Members who do not submit valid claims will not be entitled to any distribution from the Net Settlement Fund and will be permanently barred and enjoined from asserting any claims against Defendants' Releasees beyond the amounts allocated to Authorized Claimants, and (ii) confirm that no person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent of Lead Counsel arising from the determination, administration, or distribution of the Net Settlement Fund, or from the payment or withholding of taxes, and that all such persons and entities shall be released and discharged from any liability in connection with such matters. *See* Stipulation, ¶33. Accordingly, Lead Plaintiff respectfully requests that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from all claims arising out of that involvement, and bar all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent

8

retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

Courts have repeatedly approved similar releases in connection with the distribution of settlement proceeds. *See*, *e.g.*, *In re Eletrobras Sec. Litig.*, 467 F. Supp. 3d 149, 151 (S.D.N.Y. 2020) ("All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all members of the Settlement Class, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to them as Authorized Claimants."); *In re Cnova N.V. Sec. Litig.*, 2021 WL 100548, at *2 (S.D.N.Y. Jan. 12, 2021) (approving substantially similar language in order authorizing distribution of settlement proceeds).

## VI.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant its Motion for Approval of Distribution Plan and enter the [Proposed] Order Approving Distribution Plan.

Dated: October 21, 2025                Respectfully,

/s/ *Ivy T. Ngo*
Ivy T. Ngo (*pro hac vice*)
Devin (Velvel) Freedman
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
ingo@fnf.law
vel@fnf.law
Tel.: 786.924.2900
Fax: 646.392.8842

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, a true and correct copy of the foregoing was filed electronically using the Court's electronic filing system and notice of this filing will be sent to all registered parties.

/s/ *Ivy T. Ngo*

Ivy T. Ngo, Esq.

10