UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER D'ARCY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YEHUDA SHMIDMAN, KAREN MURRAY, GARY KLEIN, ANDREW COOPER, CHAD WAGENHEIM, PETER LOPS, DAVID CONN, DANIEL HANBRIDGE, LORRAINE DISANTO, WILLIAM SWEEDLER, AARON HOLLANDER, AL GOSSETT, STEWART LEONARD, JR., and COHNREZNICK LLP,<br><br>Defendants. | Case No.: 1:21-cv-07296<br><br>CLASS ACTION<br><br>Honorable J. Paul Oetken |

## ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned securities class action ("Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiff's Motion for Approval of Distribution Plan and the Declaration of Dawn M. Cody in Support of Lead Plaintiff's Motion for Approval of Distribution Plan ("Cody Declaration");

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of October 30, 2024 (ECF No. 147-1) ("Stipulation"), and the Cody Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Cody Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative determinations of the Court-approved Claims Administrator, Angeion Group ("Angeion"), to accept the Timely Eligible Claims set forth in Exhibit C, Part One to the Cody Declaration and the Late but Otherwise Eligible Claims set forth in Exhibit C, Part Two to the Cody Declaration, are adopted.

(b) The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit C, Part Three to the Cody Declaration, are adopted.

(c) Angeion Group is directed to conduct an initial distribution ("the Initial Distribution") of the available balance of the Net Settlement Fund, after deducting all payments approved by the Court, including for the payment or estimate of any Taxes (including the costs of preparing appropriate tax returns) and escrow fees while maintaining a 10% reserve (the "Reserve") to address any claims administration-related contingencies that may arise.

Specifically, as stated in paragraphs 31-37 of the Cody Declaration:

(1) Angeion will calculate award amounts to all Authorized Claimants from the Net Settlement Fund. Pursuant to the terms of the Plan of Allocation, Angeion will eliminate any Authorized Claimant whose award amount is calculated to be less than $10.00. Such Authorized Claimants will not receive any distribution from the Net Settlement Fund;

(2) After eliminating Claimants who would have received less than $10.00, Angeion will recalculate the pro rata distribution payments for Authorized Claimants who would have received $10.00 or more ("Distribution Amounts");

(3) Angeion will then prepare checks for the distribution and registers of such distributions and send the payments by prepaid first class mail. Distribution checks will bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS OF ISSUE DATE" to encourage Authorized Claimants to promptly cash their distributions, and to avoid or reduce future expenses relating to unpaid distributions;

(4) Angeion will issue replacement payments for distributions upon request by the payee and will respond to inquiries about distribution amounts and loss calculations. Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to such stale-dated checks will be subject to re-distribution.

(5) If any balance is remaining in the Net Settlement Fund after a reasonable period of time after the date of the Initial Distribution, after deducting Angeion's fees and expenses for the estimated costs of an additional distribution, and after the payment of any taxes, the cost of preparing appropriate tax returns, and any escrow fees, and it is economically feasible, the remaining funds, including the Reserve, will be distributed to all Authorized Claimants in the Initial Distribution who: (1) cashed their Distribution Payment, and (2) are entitled to at least $10.00 from the re-distribution based on their pro rata share of the remaining funds;

(6) Additional re-distributions, after deduction of costs and expenses as described above, and subject to the same conditions, may occur thereafter in 90-day intervals until Lead Counsel, in consultation with Angeion, determines that a further re-distribution is not cost-effective; and

    (7) If any funds remain in the Net Settlement Fund after determining that further re-distribution is no longer cost-effective, the funds shall be contributed to the New York Bar Foundation, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiff and approved by the Court.

  (d) No new Claims may be accepted after August 14, 2025, and no further adjustments to Claims received on or before July 1, 2024, that would result in an increased Recognized Claim amount for any reason after August 14, 2025.

  4. The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, Defendants' Releasees and/or their respective counsel (including Defendants' Counsel), or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

  5. All of Angeion Group's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund are approved, and Lead Counsel are directed to pay the outstanding balance of

$21,193.30 out of the Settlement Fund to Angeion Group.

6. Unless otherwise ordered by the Court, Angeion Group may destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

7. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this __22__ day of __October__ 2025.

_____
J. PAUL OETKEN
United States District Judge

So ordered.
The Clerk of Court is directed to close the
motion at Docket Number 172.